**Harold C. ECKMAN, et al.,**
**Respondents,**

v.

**ALLSTATE INSURANCE**
**COMPANY, Appellant.**

**No. C0–84–783.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Gary H. Market, Holm & Market, Minneapolis, for respondents.

Robert H. Tennant, Bell, Arcand & Florin, St. Paul, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Plaintiffs-respondents Harold and Mildred Eckman brought this declaratory judgment action against defendant-appellant Allstate Insurance Co. to have their insurance policy reformed to provide underinsured motorist coverage. A jury found defendant failed to make a sufficient offer of underinsured motorist coverage and the trial court issued an order declaring the insurance policy reformed. After the trial court denied defendant's motion for judgment NOV or, in the alternative, a new trial, defendant appealed.

## FACTS

The Eckmans carried automobile insurance with defendant Allstate in 1975 when the Minnesota No-Fault Act came into effect. In 1975 and in 1978 Allstate sent insert stuffer X1455 to all its Minnesota automobile insurance customers, including the Eckmans. The stuffer provided as follows:

Important Information About Your
Uninsured Motorist Limits

All auto policies are required to have Uninsured Motorist coverage with minimum limits of 25/50 ($25,000 per person and $50,000 per accident). Additional protection is also available.

Here's why this coverage is so important—courtroom judgments are soaring and in many cases the minimum Uninsured Motorist limits of $25,000/$50,000 may be too low. By having your limits increased, you gain valuable protection at low cost.

Here are ways to increase your coverage:

1.) You can increase your Uninsured Motorist coverage up to your Bodily Injury Liability limits. This protection offers you higher limits for your bodily injury damages occasioned by the uninsured motorist who is legally liable for those damages.

2.) You can select Underinsured Motorist coverage up to your Bodily Injury Liability limits. These limits protect you for your bodily injury damages recoverable where the legally liable wrongdoer carries liability limits less than you carry for this underinsured motorist protection. It is designed to pick up such difference.

There are a variety of limits available. If you have questions about them or if you would like this added protection, contact your agent or the nearest Allstate office.

If you prefer to keep your present UM limits and reject this offer for increased protection, please sign and date the form below and return it to us. But, we hope you'll take the time to carefully consider the value of higher limits.

In 1979 Mrs. Eckman was involved in an automobile accident with an underinsured motorist. The Eckmans then began this lawsuit to reform their insurance policy to include underinsured motorist coverage. The trial court submitted the only issue at trial to the jury:

Was the notice which Allstate Insurance Company gave to the Eckmans stated in such a way that a reasonable person would have had enough information about the underinsured coverage to know what it was and to give the person a rough idea of its cost to enable the person to make an intelligent decision whether to investigate purchase of that coverage.

The jury found Allstate had not made an adequate offer.

## ISSUE

Does defendant's insurance brochure adequately offer underinsured motorist coverage?

## ANALYSIS

 The Minnesota legislature enacted Minn.Stat. § 65B.49, subd. 6(e) and (f) (1978) requiring automobile insurers to offer uninsured and underinsured motorist coverage to their insureds. The so-called mandatory offer must be meaningful and give the insured enough information to make "an intelligent decision." *League General Insurance Co. v. Tvedt*, 317 N.W.2d 40, 42 (Minn.1982). An insured's remedy for an insurer's failure to make the offer is reformation of the insurance contract to include the additional coverage. *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244, 250 (Minn.1980). Section 65B.49, subd. 6(e) was repealed in 1980. 1980 Minn.Laws ch. 539, § 7.

 An offer of optional coverage is meaningful if it satisfies the four concerns articulated in *Hastings v. United Pacific Insurance Co.*, 318 N.W.2d 849 (Minn. 1982). The four *Hastings* "concerns" are:

(1) that the method of the offer be commercially reasonable; (2) that the limits of the optional coverages be specified and not merely offered in general terms; (3) that the insurer intelligibly advise the insured of the nature of the optional coverage; and (4) that the insurer apprise the insured that the optional coverages are available for a relatively modest increase in premium.

*Maher v. All Nation Insurance Co.*, 340 N.W.2d 675, 678 (Minn.Ct.App.1983). Because we believe defendant's offer failed to satisfy the fourth concern we do not address the other concerns.

The subject of cost is mentioned only once in defendant's stuffer. It appears in the second paragraph and before any reference to underinsured coverage:

Here's why *this coverage* is so important—courtroom judgments are soaring and in many cases the minimum Uninsured Motorist limits of $25,000/$50,000 may be too low. By having your limits increased, you gain valuable protection at *low cost.*

(Emphasis supplied).

 *Hastings* requires a statement that coverage is available at a "relatively mod-

**456**

est increase in premiums." *Hastings,* 318 N.W.2d at 853; *Randall v. State Farm Mutual Automobile Insurance Co.,* 335 N.W.2d 247, 251 (Minn.1983). The words "low cost" appear to meet that requirement, provided they refer to underinsured motorist coverage. Those words, however, do not. The stuffer speaks of "this coverage" which must be uninsured coverage because underinsured coverage is not mentioned until three sentences later. Further, it speaks of increasing limits, referring to uninsured coverage which all insureds must carry by law. Underinsured coverage would create a new type of coverage for most insureds, not increase limits. Since the offer fails to indicate in any way the cost of underinsured motorist coverage it fails to satisfy the fourth *Hastings* concern.

### DECISION

Appellant's offer of underinsured motorist coverage failed to apprise respondents that coverage was available at a relatively modest cost. The judgment is affirmed.